UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARTIN A. SANTIAGO,

                            Plaintiff,

                                                                 9:11-CV-00635
v.                                                             (LEK/TWD)

PATRICK M. JOHNSON, *et al.*,

                            Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

MARTIN A. SANTIAGO, 03-B-1801
Plaintiff *pro se*
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

HON. ERIC T. SCHNEIDERMAN                      JAMES SEAMAN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 37(b) to dismiss or strike the complaint as a sanction for Plaintiff's failure to attend his scheduled deposition. (Dkt. No. 20.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that the Court

deny this motion.

I.	BACKGROUND

In this action, Plaintiff Martin Santiago claims that, *inter alia*, Defendants Patrick Johnson and N. Smith were deliberately indifferent to his serious medical needs between December 2008 and January 2009 while he was incarcerated at Upstate Correctional Facility. (*See generally* Dkt. No. 1.)

On March 27, 2012, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 14.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id*. at 3-4. The order stated that

> [d]efense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id*.

On June 27, 2012, Defendants mailed a deposition notice to Plaintiff. (Dkt. Nos. 20-1 ¶ 5, 20-4.) The deposition was scheduled for July 12, 2012, at 8:30 a.m. at the Empire State Plaza Justice Building in Albany. (Dkt. No. 20-4 at 2.) The notice stated that if Plaintiff failed to attend the deposition, he could be subject to sanctions "including dismissal of this lawsuit in its entirety." *Id*. The letter did not advise Plaintiff, however, that he could call and discuss rescheduling if the date was inconvenient. *Id*.

Plaintiff failed to appear for his deposition. (Dkt. Nos. 20-1 ¶ 6, 20-5.) He did not contact defense counsel to advise him that he would not appear. *Id.* The court reporter charged

2

defense counsel $85.00. (Dkt. No. 20-1 ¶ 7, 20-6.)

On August 6, 2012, Plaintiff filed a letter with the Court, requesting an update on the status of his case because he had "no paperwork and [had] no idea what [was] going on with this matter." (Dkt. Nos. 16, 20-7 at 1.) Plaintiff also informed the Court that he (1) was incarcerated at Orleans Correctional Facility; and (2) would have a new address on Bennett Village Terrace in Buffalo, New York, beginning on August 27, 2012. *Id.* Plaintiff explained that this date was the soonest he would be released, leaving open the possibility that he may be released later. (Dkt. No. 20-8 at 1.)

On August 13, 2012, Plaintiff filed another letter with the Court, requesting a discovery deadline extension in light of his missing a pretrial discovery deadline of July 27, 2012. (Dkt. Nos. 17, 20-8 at 1.) Plaintiff listed Orleans Correctional Facility as his return address. (Dkt. No. 17 at 2.) He did not mention or acknowledge missing his July 12th deposition. (Dkt. No. 17, 20-8.) Instead, Plaintiff explained that he had been incarcerated since July 3, 2012, and "had no way to access my records in this matter." *Id.* Plaintiff requested that the Court extend the deadline to September 27, 2012. *Id.*

On August 14, 2012, the Court extended the discovery closure date to September 27, 2012. (Text Order Aug. 14, 2012.) On August 27, 2012, Plaintiff was released on parole. (Dkt. No. 20-13 at 1.) On August 28, 2012, the clerk updated the docket to reflect Plaintiff's Bennett Village address pursuant to Plaintiff's August 6th letter. (Dkt. Nos. 20-1 ¶ 11.) Also on August 28, 2012, Defendants mailed a deposition notice to Plaintiff at his Bennett Village address. (Dkt. No. 20-10.) The deposition was rescheduled for September 14, 2012, at 8:30 a.m. at the Empire State Plaza Justice Building in Albany. *Id.* at 2. The notice stated that if Plaintiff failed to attend

3

the deposition, he could be subject to sanctions including reimbursing defense counsel expenses and fees in arranging the deposition "and/or the dismissal of your lawsuit." *Id.* Like the previous notice, this notice did not advise Plaintiff that he could call and discuss rescheduling if the date was inconvenient. *Id*.

Plaintiff failed to appear for his rescheduled deposition. (Dkt. Nos. 20-1 ¶ 13, 20-11.) He did not contact defense counsel to advise that he would not appear. *Id.* The court reporter charged defense counsel $85.00. (Dkt. No. 20-1 ¶ 15, 20-12.)

On September 27, 2012, Plaintiff filed mandatory disclosures with the Court. (Dkt. No. 19.) These disclosures included thirty pages of medical records, mental health records, grievances, handwritten letters, and grievance review committee reports. *See generally, id.* Plaintiff listed his Bennett Village address as his return address. *Id.* Plaintiff did not mention or acknowledge missing his September 14th deposition. *Id.*

Defendants filed the pending motion to dismiss the action on October 24, 2012. (Dkt. No. 20.) Plaintiff has not opposed the motion. Nevertheless, Plaintiff wrote a letter to the Court on February 11, 2013, explaining that he had "been locked up for the past month" and requesting an update on his case. (Dkt. No. 22 at 1.) He also requested the addresses of the Attorney General's office and the judge so that he could "write them a.s.a.p. and inform them of my condition and where I'm at." *Id.* Plaintiff's return address was listed as the Orleans Correctional Facility. *Id.*

On February 15, 2013, Plaintiff informed the Court of his then-present mailing address at the Orleans Correctional Facility and his future mailing address on Courtland Avenue in Buffalo, effective March 15, 2013. (Dkt. No. 23.) Plaintiff explained that he was enrolled in the "OPDP"

4

program at the Orleans Correctional Facility. *Id.* The letter did not discuss Defendants' motion to dismiss or Plaintiff's failure to appear at either deposition. *Id.* On March 7, 2013, Plaintiff filed a change of address form, updating the Court on his Courtland Avenue mailing address effective March 15, 2013. (Dkt. No. 24.)

## II. ANALYSIS

Defendants move under Federal Rules of Civil Procedure 37 and 41 to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition and Plaintiff's failure to prosecute the action. (Dkt. No. 20.) Under Rule 37(b), if

> a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"'[D]ismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances.'" *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (quoting *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977)). Thus, such

5

a severe sanction is warranted when plaintiffs, even those proceeding *pro se*, fail to comply with discovery orders "due to willfulness or bad faith." *Daval Steel Prods. v. Fakredine*, 951 F.2d 1357, 1366-67 (2d Cir. 1991) (citations omitted). A court may weigh several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the noncomplying party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the noncomplying party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a *pro se* litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations and punctuation omitted). Here, the Court's orders were clear, and there is no indication that Plaintiff did not understand those orders. The facts plausibly suggest, however, that Plaintiff failed to appear at his first deposition due to factors beyond his control. Plaintiff stated in his August 13th letter that he had been incarcerated since July 3rd, more than a week before his first deposition. (Dkt. Nos. 17, 20-8 at 1.) This not only prevented Plaintiff from appearing, but also was beyond his control. Thus, this factor weighs against dismissal.

The facts do not plausibly suggest that Plaintiff's failure to appear at his second

6

deposition was due to factors beyond his control. Defendants notified Plaintiff about the rescheduled deposition by sending a notice to Plaintiff's new address *after* the date when Plaintiff said the new address would be valid. (*See* Dkt. Nos. 20-1 ¶ 11, 20-10.) The notice was not returned to sender, nor were there any indications that it did not arrive at Plaintiff's address. Moreover, two weeks after Defendants mailed the notice, Plaintiff sent documents to the Court from his new address. (*See* Dkt. No. 19.) Nevertheless, the facts do not plausibly suggest that Plaintiff persistently refused to comply with discovery orders. Plaintiff maintained communication with the Court, updating his information and requesting status updates on his case. Plaintiff also sought and timely met the extended mandatory disclosures deadline. (Dkt. Nos. 17, 20-8, 19.) Accordingly, I find that Plaintiff's failure to comply with discovery was not willful. Therefore, this factor weighs against dismissal.

Regarding the second factor, the duration of the noncompliance also weighs against dismissal. Courts frequently dismiss complaints when the noncompliance delay totals several months or years. *See Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y.

7

2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal). Here, however, fewer than six months elapsed between the Court order and Plaintiff's second failed deposition appearance; one of Plaintiff's failed appearances was beyond his control; and, by the completion of six months after the initial Court order, Plaintiff timely met an extended mandatory disclosures deadline. Therefore, this factor weighs against dismissal.

Regarding the third factor, Plaintiff was advised of his duty to appear at his deposition. (Dkt. No. 14 at 3-4.) Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the lack of any lesser sanctions prior to this motion to dismiss weighs against dismissal. Dismissal should be granted only for those cases where plaintiffs' faults are "flagrant, intentional and willful." *Carmona v. Wright*, 233 F.R.D. 270, 275 (N.D.N.Y. 2006) (citing *Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997)). Absent that, courts will impose other sanctions, such as ordering noncomplying parties to reimburse complying parties for expenses incurred as a result of a failure to appear at a deposition. *See, e.g., LeGrande v. Adecco*, 233 F.R.D. 253, 258 (N.D.N.Y. 2005) (finding that sanctions for the noncomplying plaintiff to repay the defendant's deposition costs were more appropriate than dismissal "when there are other remedies that can be exercised"). This Court has not previously imposed lesser sanctions on Plaintiff. Namely, this Court has not issued an order requiring Plaintiff's appearance at a deposition on a specific date and time, nor has this Court ordered Plaintiff to reimburse Defendant for the costs incurred for failing to appear at his depositions. Therefore, this factor weighs against dismissal.

Weighing the factors with the special solicitude that must be granted to *pro se* litigants, dismissal is unwarranted in this case. Therefore, I recommend that the Court deny Defendants' motion to dismiss and, instead, order Plaintiff to reimburse Defendants for the $85 incurred as a result of Plaintiff's failure to appear at his second deposition. Plaintiff should not be ordered to reimburse Defendants for costs incurred as a result of the first deposition because Plaintiff failed to appear for reasons beyond his control. Furthermore, I recommend that the Court compel Plaintiff to participate in another deposition, as these sanctions are reasonable and promote substantial justice.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court deny Defendants' motion to dismiss (Dkt. No. 20) but order Plaintiff to reimburse Defendants for the $85 incurred as a result of Plaintiff's failure to appear at his second deposition.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: April 29, 2013
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge