UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARTIN A. SANTIAGO,

                            Plaintiff,

          -against-                                       9:11-CV-0635 (LEK/TWD)

PATRICK M. JOHNSON, Physician
Assistant, Upstate Correctional Facility;
and N. SMITH, Nurse Administrator
Upstate Correctional Facility,

                            Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on April 29, 2013, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York. Dkt. No. 14 ("Report-Recommendation"). The Clerk has sent the entire file to the undersigned, including the timely Objections by Plaintiff Martin A. Santiago ("Plaintiff") and by Defendants Patrick M. Johnson and N. Smith (collectively, "Defendants"). Dkt. Nos. 26 ("Defendants' Objections"); 31 ("Plaintiff's Objections"). For the following reasons, the Court approves and adopts the Report-Recommendation as modified by this Decision and Order.

**II.    BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural background of this case as set forth in detail in the Report-Recommendation. See generally Report-Rec. The Court therefore recites only the facts and procedure necessary to address the parties' Objections.

Defendants twice notified Plaintiff of scheduled depositions in this case, each time warning Plaintiff that if he failed to attend the depositions, he could be subject to sanctions "including dismissal of this lawsuit in its entirety." Dkt. Nos. 20-4 ("Defendants' Memorandum"); 20-10. Plaintiff neither attended the depositions nor contacted Defendants to reschedule them. Dkt. No. 20-1 ¶¶ 6, 13. The court reporter present at each failed deposition charged Defendants $85.00. Id. ¶¶ 7, 15.

On October 24, 2012, Defendants filed a Motion pursuant to Federal Rule of Civil Procedure 37(b) to dismiss or strike the Complaint as a sanction for Plaintiff's failure to attend the depositions. Dkt. Nos. 1 ("Complaint"); 20 ("Motion"). Plaintiff did not oppose the Motion. See generally Dkt. In her Report-Recommendation, Judge Dancks recommends that the Court deny the Motion but order Plaintiff to reimburse Defendants for the $85.00 charge they incurred as a result of Plaintiff's failure to appear at the second deposition. Report-Rec. at 9. Judge Dancks also recommends that the Court compel Plaintiff to attend another deposition. Id.

### III. STANDARD OF REVIEW

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect

2

of a report-recommendation only for clear error.[1] Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

## IV. DISCUSSION

### A. Defendants' Objections

#### 1. *Reimbursement for the First Failed Deposition*

Judge Dancks recommends that the Court not order Plaintiff to reimburse Defendants for the first failed deposition charge, because she found that Plaintiff was incarcerated on the scheduled date of that deposition and therefore "failed to appear for reasons beyond his control." Report-Rec. at 6, 9. Defendants object to this portion of the Report-Recommendation. See Defs.' Objs. at 1. While admitting that Plaintiff's failure to *appear* at the deposition was due to factors beyond his control, Defendants argue that Plaintiff's failure to *notify* Defendants that Plaintiff had been reincarcerated as of the first deposition date was "fully within his control." Id. Defendants maintain, therefore, that it was Plaintiff's fault that Defendants did not have an opportunity to cancel the deposition before charges

---

[1] An order is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) (internal quotation marks omitted); accord Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting U.S. Gypsum Co., 333 U.S. at 395).

3

were incurred. Id.

>   Defendants made this same argument in their Memorandum of law in support of their Motion:
>
>   [E]ven though it appears [P]laintiff may have been incarcerated on the date of his July 12, 2012 deposition, . . . there is no reason known to [D]efendants which would have precluded [P]laintiff from advising this office of his unavailability, so that the deposition could have been adjourned and the unnecessary expenses avoided. In light of this failure, [P]laintiff should be required to reimburse [D]efendants for the costs incurred because of [P]laintiff's failure to attend his July deposition as well.

Defs.' Mem. at 9-10. Therefore, the Court reviews that portion of the Report-Recommendation recommending that Plaintiff not be required to reimburse Defendants for the first failed deposition charge only for clear error. See Farid, 554 F. Supp. 2d at 306. After a thorough review of the Report-Recommendation and the record in this case, the Court finds no such error: Judge Dancks exercised her discretion to order or not to order reimbursement well within the bounds of the governing law.

### 2. Time Limit for Payment of Deposition Charge

Although she recommended that Plaintiff be required to reimburse Defendants for the charge they incurred as a result of the second failed deposition, Judge Dancks did not also recommend a deadline for that payment. See generally Report-Rec. Defendants object to the Report-Recommendation insofar as it fails to set such a deadline and establish consequences should Plaintiff fail to meet it. Defs.' Objs. at 1. Under any standard of review, the Court finds that the Report-Recommendation's omission of a payment deadline is error. Accordingly, the Court modifies the Report-Recommendation to require Plaintiff to pay Defendants within 45 days of this Decision and Order. Furthermore, if Plaintiff fails to meet that deadline, the Clerk, without further order of the Court, shall enter judgment dismissing this action with prejudice.

4

### B. Plaintiff's Objections

In his Objections, Plaintiff states that he has no money to pay the $85.00 and hopes that the Court will waive the fee. Pl.'s Objs. at 1-2. While the Court sympathizes with Plaintiff's situation, his general assertion of economic hardship is not a specific objection to the legal or factual basis for the Report-Recommendation warranting *de novo* review. The Court therefore reviews this portion of the Report-Recommendation for clear error and finds none.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 25) is **AFFIRMED** and **ADOPTED as modified by this Decision and Order**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED**, that Plaintiff reimburse Defendants for the **$85.00** charge they incurred as a result of Plaintiff's failure to appear at the second deposition; and it is further

**ORDERED**, that if Plaintiff fails to pay Defendants the **$85.00 within forty-five (45) days** of this Decision and Order, the Clerk, without further order of the Court, shall enter judgment dismissing this action **with prejudice**; and it is further

**ORDERED**, that if Plaintiff pays Defendants the **$85.00 within forty-five (45) days** of this Decision and Order, Plaintiff shall attend a deposition at a time and place noticed by Defendants in accordance with the procedure set forth in Part I.D of the Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 14); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:   August 09, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge